UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER WILLIAM HARRIS,<br><br>      Plaintiff,<br><br>  v.<br><br>CASCADE DISTRICT COURT, et al.,<br><br>      Defendants. | Case No. C19-38 RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff, presently confined at the Snohomish County Corrections ("SCC"), filed a *pro se* civil rights complaint against the Cascade District Court ("Commissioner Leo"), Lake Stevens Deputy Minor, and public defender Dustin Drenguis. Dkt. 4. By separate order, plaintiff has been granted permission to proceed in forma pauperis. As discussed below, the complaint is fatally deficient because it names defendants that are immune, and also challenges a pending criminal matter from which the Court must abstain. Because these deficiencies cannot be cured by further amendment the Court recommends dismissing Cascade District Court, Commissioner Leo and public defender Drenguis with prejudice, and Deputy Minor without prejudice.

**DISCUSSION**

**A. The Complaint**

  Plaintiff's complaint challenges his arrest, seeks dismissal of plaintiff's prior charges and

REPORT AND RECOMMENDATION - 1

convictions, and contests his current charges with the goal of reducing or eliminating his pending prison sentencing hearing. *Id.* at __. In support, plaintiff alleges that defendant Lake Stevens Police Officer Minor arrested plaintiff with no probable cause, and instead blindly assumed plaintiff was in violation of a NCO. *Id*. at 4. Plaintiff alleges Officer Minor forcefully arrested him and also committed an unlawful search. *Id.* at 4-7. Plaintiff alleges as a result of the unlawful arrest without probable cause, additional No Contact Violation charges "in the form of attempted phone calls have resulted in charges with far more serious consequence – 60 months in prison if convicted." *Id.*at 8. Plaintiff contends he should not be charged with making 4 attempted phone calls as alleged in state case number 17-148530. *Id.* Plaintiff contends he is now facing five years in prison for something he is not guilty of.

Plaintiff also alleges his public defender Dustin Drenguis was "inadequate." *Id*. at 10. Plaintiff alleges counsel was inadequate for failing to move for dismissal of the charges or to suppress all evidence based upon plaintiff's unlawful arrest, and for convincing plaintiff to accept "a guilty plea deal." *Id*.

In short, plaintiff's complaint seeks relief from his criminal conviction and pending sentencing based upon an arrest that plaintiff contends was not supported by probable cause, an unlawful search, and counsel's advice to accept a guilty plea deal.

**B.     Courts and Public Defender as Parties**

Plaintiff sues his state public defender but a state public defender performing traditional lawyer functions is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed. 509 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Here, plaintiff faults his public defender for persuading plaintiff to accept a guilty plea deal instead of moving to dismiss the case or to suppress the evidence. Providing legal advice is a traditional

REPORT AND RECOMMENDATION - 2

lawyer function. Accordingly, a § 1983 action cannot be brought against public defender Dustin Drenguis for the advice he provided plaintiff that led to his acceptance of a guilty plea deal. The civil rights claim against public defender Drenguis should accordingly be dismissed.

Plaintiff also alleges "District Court Commission Leo should have not never found probable cause." Dkt. 4 at 2. To the extent the complaint seeks money damages from the state judge, it should be dismissed because judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts, and making probable cause determinations is clearly within the court's jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991). *Accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). To the extent plaintiff is challenging the fact of his physical imprisonment, based upon Judge Leo's findings, and the relief he seeks is for immediate release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). For these two reasons, plaintiff's claims against the Cascade District Court and Commissioner Leo should be dismissed.

C.    **Challenge to Ongoing State Criminal Action**

Even if plaintiff could name a proper defendant, such as Officer Minor, the complaint fails because plaintiff may not challenge the propriety of on-going or pending criminal proceedings in a 42 U.S.C. § 1983 lawsuit. Plaintiff faults defendant Minor for arresting him without probable cause and committing an unlawful search. Plaintiff alleges these acts led to the felony charges for which he now faces sentencing. However, a Federal Court will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court dismiss a federal action if state

REPORT AND RECOMMENDATION - 3

proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All of the *Younger* criteria are satisfied here.  Plaintiff's proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that plaintiff cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm.  Therefore, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves and it should be dismissed.

## CONCLUSION

In reviewing civil complaints, the court "shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). This provision applies to all actions filed such as this one that is filed *in forma pauperis*. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

Here, plaintiff's seeks to undermine his criminal conviction and pending sentencing. The complaint alleges plaintiff seeks to have his criminal matter dismissed or his sentence reduced. However, as discussed above plaintiff has named two defendants (public defender and judge) that cannot be sued under § 1983. Additionally, even if plaintiff has named a proper defendant such as the arresting officer, the Court must abstain under *Younger* from acting because plaintiff's claims challenge the acts that the officer allegedly committed that led to plaintiff's conviction and criminal sentencing. If plaintiff has been sentenced in his criminal case, a § 1983 action is not the proper avenue for relief from that sentence and conviction.

REPORT AND RECOMMENDATION - 4

1    Accordingly, the Court recommends the claims against the Cascade Court, Commissioner Leo, and public defender Drenguis be **DISMISSED with prejudice for failure to state a claim.** The Court recommends any other claims against officer Minor be **DISMISSED without prejudice under the *Younger* abstention doctrine.**

    A proposed order accompanies this Report and Recommendation.  Any objections to this Recommendation must be filed by **Monday, January 28, 2019.**  The Clerk should note the matter for **Friday, February 1**, **2019** as ready for the District Judge's consideration if no objection is filed. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

    DATED this 14th day of January, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge